IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOS CANGRIS, INC.; RAMON L. AYALA RODRIGUEZ, a/k/a "Raymond/Daddy Yankee/Big Boss/DY;"<br><br>Plaintiffs,<br><br>v.<br><br>RAFAEL A. PINA-NIEVES, a/k/a "Raphy Pina;" ANDRES A. COLL-FERNÁNDEZ; MIREDDYS GONZÁLEZ CASTELLANOS; EDWIN PRADO-GALARZA; LOS MAGNIFIKOS INC., d/b/a Los Magnifikos Music Publishing Inc., Los Magnifikos Music Publishing, and Los Magnifikos Music; WORLD MUSIC LATINO CORP., d/b/a Pina Records; PRENDI PUBLISHING TRUST, d/b/a Gasolina Publishing Co.; MAFER MUSIC PUBLISHING INC.; JOHN DOE; JANE DOE.<br><br>Defendants. | CIVIL NO. 25-01650 (GMM)<br><br>Nature of Claims: Racketeer Influenced and Corrupt Organizations Act; Puerto Rico Organized Crime Act; Permanent Injunctive Relief<br><br>Jury Trial Demanded |

**JOINT MOTION FOR ORDER COMPELLING PLAINTIFFS TO FILE A RICO CASE STATEMENT AND FOR STAY TERM TO ANSWER OR OTHERWISE PLEAD**

**TO THE HONORABLE COURT:**

**COME NOW** Defendants Rafael A. Pina-Nieves, Andres A. Coll-Fernández; Mireddys González Castellanos; Edwin Prado-Galarza; Los Magnifikos Inc., World Music Latino Corp.; and Mafer Music Publishing, Inc., represented by their respective counsel, and respectfully **STATE** and **PRAY** as follows:

1. Plaintiffs have filed an extraordinarily lengthy complaint—107 pages, 163 numbered paragraphs, and four independent causes of action—asserting an alleged decade-long, multi-actor scheme involving publishing transactions, copyright registrations, entertainment-industry negotiations, personal disputes, alleged intimidation, and a mosaic of business disagreements. The complaint includes RICO allegations that are asserted in conclusory fashion, lacking many of the disclosures required to evaluate predicate acts, causation, enterprise structure, and damages.

2. The First Circuit has repeatedly held that a plaintiff may not simply allege a RICO scheme in general or conclusory terms but must instead identify with precision the alleged predicate acts, including their content, dates, authors, victims, and the causal connection to the injuries claimed. *North Bridge Assocs. v. Boldt*, 274 F.3d 38, 43 (1st Cir. 2001); *New England Data Servs. v. Becher*, 829 F.2d 286, 290–91 (1st Cir. 1987); *Feinstein v. RTC*, 942 F.2d 34, 42–44 (1st Cir. 1991); *Efron v. Embassy Suites*, 223 F.3d 12, 20–21 (1st Cir. 2000). It has not only approved requiring RICO case statements but has affirmed dismissal with prejudice when plaintiffs failed to comply with such orders. *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648–49 (1st Cir. 1990) (recognizing that RICO allegations have a 'stigmatizing effect on those named defendants', warranting strict enforcement of specificity requirements). *Id.* at 650.

3. This District, moreover, routinely requires the filing of a RICO Case Statement to ensure strict compliance with the heightened pleading requirements of Rules 9(b) and 11. *O'Ferral v. Trebol Motors Corp.*, 45 F.3d 561, 562–63 (1st Cir. 1995); *Rodríguez–Torres v. Caribbean Forms Mfg.*, 399 F. Supp. 2d 108, 113–115 (D.P.R. 2005). See also, Reed & Smith, Civil RICO App. 9A (Matthew Bender & Co., Inc. May 2025 Release) (RICO Case Statement & Standing Orders).

>However, "the purpose of a RICO case statement is to enhance a vague complaint with additional details, not to raise new arguments or theories of the case for the first time." *Delrio-Mocci v. Connolly Props. Inc.*, 2009 U.S. Dist. LEXIS 84459 at *7-8 (D.N.J. 2009); see *Northland Insurance Co. v. Shell Oil Co.*, 930 F.Supp. 1069, 1074-1075 (D.N.J. 2006) (stating that "[t]he mission [*4] of the case statement is to amplify the allegations of the Complaint. It provides clarity and precision in the statement of a civil RICO claim and thereby assists in the identification, clarification and narrowing of issues.")(emphasis added). The RICO Case Statement has the "intended purpose of giving the defendant basic factual information underlying the RICO claim" and is thus an inappropriate vehicle to add new causes of action not previously enumerated in the complaint. *Commer. Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 380 (2d Cir. 2001).

*Home Orthopedics Corp. v. Rodriguez*, 2011 U.S. Dist. LEXIS 162642, *3-4

4. The Standing RICO Case Orders in this District[1] require plaintiffs to file a detailed RICO Case Statement identifying, inter alia: the predicate acts; dates, participants, victims, and documents involved; the structure and operation of the alleged enterprise; the causal chain between predicate acts and the alleged injuries; and damages.

5. Given the length, complexity, and lack of specificity of Plaintiffs' complaint, Defendants respectfully submit that a RICO Case Statement must be ordered before any responsive pleading is required.

6. Plaintiffs' allegations incorporate dozens of alleged acts over nearly a decade but fail to identify with particularity (a) which specific acts constitute predicate racketeering activity; (b) the dates, content, sender, and receiver of the alleged interstate communications; (c) how each alleged misrepresentation caused compensable injury; (d) the structure, membership, and functioning of the alleged RICO enterprise; (e) which specific defendant committed which alleged

---

[1] See, for example, the RICO Standing Orders by judges Hon. Daniel R. Domínguez and Hon. Jay A. García Gregory at: https://www.prd.uscourts.gov/court-info/local-rules-and-orders/general-orders/std/drd and https://www.prd.uscourts.gov/court-info/local-rules-and-orders/general-orders/std/jag, respectively.

act, as the complaint repeatedly aggregates 'defendants' without individual attribution, making it impossible for each defendant to admit or deny personal participation in alleged conduct; and (f) what knowledge each defendant possessed at the time of each alleged act to establish the requisite fraudulent intent under Rule 9(b).

7. Many claimed predicate acts sound in fraud and therefore require the specificity mandated by Rule 9(b). Plaintiffs must allege with particularity (1) a scheme to defraud, (2) knowing participation by the defendant, and (3) use of the mails or interstate wires in furtherance of the scheme. *United States v. Sawyer*, 85 F.3d 713, 723 (1st Cir. 1996). Plaintiffs do not plead with particularity the circumstances constituting such fraud --time, place, content, manner, and identities of the persons allegedly misled. "The pleading requirements of Fed. R. Civ. P. 9(b) 1, however, extend to pleading predicate acts of fraud under the RICO Act." *P.R. Am. Ins. Co. v. Burgos*, 283 F. Supp. 2d 546, 549 (D.P.R. 2003).

8. Plaintiffs conflate multiple types of disputes—commercial, corporate, relational, artistic, and contractual—without clarifying which alleged facts pertain to which alleged racketeering activity. The Standing RICO Order exists precisely to avoid this problem and ensure that pleadings satisfy Rule 11's reasonable inquiry requirement.

9. Federal jurisdiction in this matter depends entirely on the viability of Plaintiffs' RICO claim. Without a well-pleaded RICO claim, the complaint asserts only Puerto Rico law causes of action. Therefore, a RICO Case Statement is necessary for the Court to evaluate its jurisdiction. *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."). Additionally, the Court cannot adequately evaluate its subject matter jurisdiction without understanding which specific acts constitute RICO violations versus mere Puerto Rico law claims.

The alleged predicate acts currently blend federal wire fraud, federal copyright issues, and state law disputes, creating jurisdictional ambiguity that a RICO case statement would resolve.

10. Defendants' time to answer or otherwise plead should be held in abeyance until thirty (30) days after the filing of Plaintiffs' RICO Case Statement. This is consistent with the practice in similar cases and necessary to avoid prejudice to Defendants, who cannot formulate an answer or motion under Rule 12 in the absence of the disclosures mandated by the Standing RICO Order, as Defendants cannot formulate appropriate responsive pleadings without knowing: which acts they must defend against, what the alleged enterprise structure requires them to respond to, which specific defendant is accused of which specific conduct, and how Plaintiffs contend each act caused injury.

**WHEREFORE**, Defendants respectfully request that this Honorable Court:

(a) Order Plaintiffs to file, within twenty (20) days, a detailed RICO Case Statement fully complying with the Standing RICO Case Order.

(b) Stay Defendants' obligation to answer or otherwise plead until thirty (30) days after Plaintiffs' filing of the RICO Case Statement; and

(c) Grant any other relief deemed just and proper.

**RESPECTFULLY SUBMITTED**.

**IT IS HEREBY CERTIFIED** that on this day the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to all counsel of record.

In San Juan, Puerto Rico, this 29th day of December 2025

| | |
|---|---|
| **For WORLD MUSIC LATINO CORP., LOS MAGNIFIKOS INC., MAFER MUSIC PUBLISHING INC.** | **For RAFAEL A. PINA- NIEVES** |

JOSÉ A. HERNÁNDEZ MAYORAL, ESQ.
USDC 205307
250 Tetuan St., Second Floor
San Juan, PR 00901
787-607-4867
jose@hernandezmayoral.com

*f: José A. Hernández Mayoral*
**JOSÉ A. HERNÁNDEZ MAYORAL**

PATRICIA RIVERA MACMURRAY, ESQ.
USDC 222309
250 Tetuan St., Second Floor
San Juan, PR 00901
787-607-3700
Prm3@mac.com

*f: Patricia Rivera MacMurray*
**PATRICIA RIVERA MACMURRAY**

**For: MIREDDYS GONZÁLEZ CASTELLANOS**

ROBERTO SUEIRO DEL VALLE, ESQ.
Tulipán 170
Urb. San Francisco
San Juan, PR 00927-6221
Tel. 787-753-4712
sueirolaw@me.com

_____
*f: Roberto Sueiro del Valle*
**ROBERTO SUEIRO DEL VALLE**
USDC 207801

**For: ANDRÉS A. COLL FERNÁNDEZ**

**SÁNCHEZ-BETANCES, SIFRE & MUÑOZ-NOYA**
**PO Box 364428**
**San Juan, PR 00936-4428**
**T. 787.756.7880, F. 787.753.6580**
**lsb@sbsmnlaw.com**

*f: Luis Sánchez Betances*
**LUIS SANCHEZ BETANCES**
USDC-PR No. 117410

*f: Sergio Sánchez Pagán*
**SERGIO SÁNCHEZ PAGÁN**
USDC-PR No. 224402

**For: MIREDDYS GONZÁLEZCASTELLANOS**

MARICHAL HERNÁNDEZ LLC
PO BOX 190095
San Juan, PR 00919-0095
787-753-1565
jnegron@mhlex.com

*f: José R. Negrón Fernández*
**José R. Negrón Fernández**
USDC-PR No. 212713