UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOS CANGRIS, INC. et al.<br><br>    Plaintiffs<br><br>v.<br><br>RAFAEL A. PINA-NIEVES, et al.<br><br>    Defendants | CIVIL NO.   25-01650 (GMM) |

**DEFENDANT'S WORLD MUSIC LATINO CORP.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

TO THE HONORABLE COURT:

COMES NOW defendant World Music Latino Corp. (WML), through the undersigned counsel, and respectfully states and prays as follows:

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Maddox*, 732 F.3d at 80 (quoting Fed. R. Civ. P. 8(a)(2)).

The Complaint charges WML with violation of the Racketeering Influenced and Corrupt Organizations Act (RICO). WML moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because accepting as true all well-pleaded facts alleged in the complaint, it is evident that Plaintiffs fail to plead a "pattern of racketeering activity" as to WML. The Complaint and RICO

Statement attribute only a single alleged predicate act to WML, which is legally insufficient under 18 U.S.C. §§ 1961(5) and 1962(c).

Section 1862(c) of the Act makes it:

…unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. 1962(c). A "pattern of racketeering activity" requires at least two acts. 18 U.S.C. § 1961(5). Those requirements must be established as to each individual defendant. DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001). That means that where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant. Villarroel v. Recology Inc., 775 F. Supp. 3d 1050, 1070 (N.D. Cal. 2025). The Complaint and RICO Statement only assert one predicate act by WML.

The only predicate act alleged against WML appears on paragraph 123 of the Complaint:

123. WML d/b/a Pina Records served as a vehicle through which Pina-Nieves' fraudulent claims were legitimized and embedded into contractual records. Although Ayala-Rodríguez never authorized Pina-Nieves to act on behalf of El Cartel or assign publishing rights to "No Lo Trates," Pina-Nieves signed a letter agreement on April 1, 2019, falsely claiming co-authorship and a 3% publishing share, and did so in WML's name. This agreement, circulated via email on January 29, 2020 to various parties but not to Ayala-Rodríguez, used WML's inclusion and apparent consent to reinforce the illusion that Pina-Nieves's claims were valid. By appearing in this document, WML's name and the signatures made on its behalf misled rights administrators and helped institutionalize the false interests, thereby advancing the enterprise's scheme to misappropriate publishing income regarding the song "No Lo Trates."

Doc. 1, ¶123.

The RICO Statement confirms that WML's involvement is limited to the April 1, 2019, letter:

Defendant 6: World Music Latino Corp., d/b/a Pina Records ("WML")
Pattern of Racketeering Activity: Wire fraud in violation of 18 U.S.C. § 1343.
Basis of Liability: WML legitimized Pina-Nieves' false publishing claims through agreements such as the April 1, 2019 letter for "No Lo Trates," circulated via interstate

2

email. These agreements misled rights administrators and embedded fraudulent interests into industry-standard documentation. Pina-Nieves and Coll-Fernández used WML and their WML email account to circulate the falsified split sheets.

RICO Statement, pp.c3-4

Plaintiffs' RICO claims against WML, thus, fail as a matter of law. The statute requires that each defendant be alleged to have engaged in a "pattern of racketeering activity," meaning at least two predicate acts. 18 U.S.C. § 1961(5). Plaintiffs attribute to WML only a single alleged predicate act—the April 1, 2019 letter agreement concerning "No Lo Trates." That is legally insufficient to satisfy the pattern requirement under 18 U.S.C. § 1962(c).

Moreover, the allegations concerning WML are conclusory and derivative. The pleading does not plausibly allege that WML itself devised or executed a fraudulent scheme, obtained money or property, or committed two predicate acts. At most, Plaintiffs allege that Pina-Nieves signed a document "on behalf of" WML and that others later circulated it via email. That does not convert WML into a RICO violator.

Because Plaintiffs have failed to state a claim under § 1962(c), the RICO conspiracy claim under § 1962(d) necessarily fails as to WML as well. The PROCA claim (P.R. Laws Ann. tit. 25, §§ 971–971x) fails for the same reasons the federal RICO claims fail. If the Court dismisses the federal RICO claims, no federal question remains. Under 28 U.S.C. § 1367(c)(3), the Court may and should decline supplemental jurisdiction.

WHEREFORE, Defendant World Music Latino Corp. respectfully requests that this Honorable Court dismiss with prejudice all RICO claims asserted against it, award such further relief as the Court deems just and proper, and grant any other relief to which WML may be entitled.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 23 February 2025.

                                               **s/ José A. Hernández Mayoral**

          José A. Hernández Mayoral
          USDC 205307
          250 Tetuán, San Juan, PR 00901
          Tel. 787 607-4867
          Email: jahm@mac.com

I CERTIFY that a copy of this motion is being notified to all counsel of record through the CM/ECF system.

        **s/ José A. Hernández Mayoral**